UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH MILLER                                        CIVIL ACTION

VERSUS                                               NUMBER: 12-00569

ORLEANS PARISH PRISON, ET AL.                        SECTION: "C"(5)

**REPORT AND RECOMMENDATION**

    This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Joseph Miller, against defendants, the Orleans Parish Prison ("OPP") and Warden Winfield. (Complt. at pp. 1, 3). Plaintiff, an inmate of the Winn Correctional Center who was formerly housed at OPP, complains of the adequacy of the medical care he received at the latter facility for a staph infection to his right arm. (Complt. at pp. 3-5). Plaintiff seeks an unspecified amount of monetary damages.

    Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if

the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claims against the two named defendants falter for a variety of reasons. First, the law is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). Correctional facilities like OPP are not considered to be "persons" within the meaning of §1983 and cannot be cast in judgment under Rule 17(b), Fed.R.Civ.P. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976)(citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696

2

(1970)). Plaintiff's purported claim against OPP should thus be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

As respects the other named defendant, Warden Winfield, the only allegations present in plaintiff's complaint regarding his involvement in this matter are that he failed to respond to administrative grievances that the plaintiff had filed. (Complt. at p. 2). Even if that is true, such unresponsiveness is not actionable as inmates have no constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their satisfaction. Propes v. Mays, 169 Fed.Appx. 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Tyson v. Tanner, 08-CV-4599, 2009 WL 2883056 at *5 (E.D. La. Aug. 25, 2009)(Berrigan, J.). In addition, because the doctrine of respondeat superior has no place in §1983 proceedings, to establish liability on the part of a supervisory correctional official, a prisoner would need to set forth specific facts demonstrating personal involvement on the part of the supervisor or a causal connection between an act of the supervisor and the constitutional violation sought to be redressed. Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659 (1985); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 550 (E.D. La. 2009). Without such personal involvement, there is no

basis upon which to hold the Warden liable here. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this **15th** day of **March**, 2012.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE